UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TINA JENULESON<br><br>Plaintiff,<br><br>vs.<br><br>KRIPALU HOLDING CORPORATION d/b/a KRIPALU CENTER FOR YOGA & HEALTH, KRIPALU YOGA FELLOWSHIP, INC. d/b/a KRIPALU CENTER FOR YOGA & HEALTH AND SETH LEVY.<br><br>Defendants. | Civil Action No. 05-30029-KPN |

## COMPLAINT AND JURY DEMAND

This is an action to recover for physical and emotional injuries which plaintiff sustained as a result of an improper "therapeutic" massage administered by an employee of defendants at the Kripalu Center for Yoga & Health in Stockbridge, Massachusetts.

### PARTIES

1. Tina Jenuleson is an individual with a residential address at 111 Lake Street, Unit 8, Englewood, New Jersey 07631.

2. Kripalu Yoga Fellowship, Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located in Lenox, Massachusetts 01240. Upon information and belief, Kripalu Yoga Fellowship, Inc. does business as Kripalu Center for Yoga & Health at 57 Interlaken Road, Stockbridge, Massachusetts 01262.

3.  Kripalu Holding Corporation is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business located in Lenox, Massachusetts 01240. Upon information and belief, Kripalu Holding Corporation does business as Kripalu Center for Yoga & Health at 57 Interlaken Road, Stockbridge, Massachusetts 01262.

4.  Seth Levy is an individual with a last known address in East Nassau, New York 12062.

## JURISDICTION

5.  This Court has jurisdiction under 28 U.S.C. § 1332(a) because the parties are all citizens of different states and the amount in controversy exceeds $75,000.

6.  This Court has jurisdiction over Mr. Levy pursuant to M.G.L. c. 223A, § 3 because he committed a tortious act and Ms. Jenuleson sustained damages in the Commonwealth of Massachusetts.

7.  Venue in this District is proper under 28 U.S.C. § 1391(a) because a defendant is resident in this District and because the events giving rise to the plaintiff's claims occurred here.

## RELEVANT FACTS

8.  On or about March 30, 2004, Ms. Jenuleson purchased a four (4) day "Transformative Healing Retreat" from the Kripalu Center for Yoga & Health (hereinafter referred to as the "Kripalu Center"), a facility owned and operated by the corporate defendants ("Kripalu Defendants").

9.  The Transformative Healing Retreat included a 50-minute "Kripalu Bodywork" massage session.

10. Ms. Jenuleson arrived for the Transformative Healing Retreat on April 11, 2004. Her massage session was scheduled for 9:00 p.m. that day. Seth Levy was the massage therapist scheduled to conduct Ms. Jenuleson's massage.

11. Mr. Levy was an employee of the Kripalu Defendants and was assigned by them to perform the massage for Ms. Jenuleson.

12. The massage began with Ms. Jenuleson lying on a massage table, with a blanket draped over her private areas. Throughout the massage, Ms. Jenuleson remained lying on her back.

13. On several occasions during the massage, Mr. Levy allowed the blanket to move and expose Ms. Jenuleson's breasts.

14. During the massage, Mr. Levy complimented Ms. Jenuleson on her appearance and her flexibility, resulting in an inappropriate and sexualized environment. Mr. Levy once placed Ms. Jenuleson's foot in his crotch area and he grazed his hand across her private areas.

15. Also during the massage, Mr. Levy allowed the entire blanket to come off of Ms. Jenuleson, completely exposing her nude body. Mr. Levy asked Ms. Jenuleson if the blanket removal was agreeable to her, to which she replied in the negative.

16. Mr. Levy then acknowledged that his blanket draping procedure was improper and inappropriate and quickly ended the massage session. It was not until Ms. Jenuleson exited the massage room that she was able to appreciate the fact that the massage had lasted more than twice as long as the allotted time of 50 minutes.

17. Ms. Jenuleson immediately reported the incident to a Kripalu Center security guard. She then returned to her room to pack her belongings to leave the Kripalu Center the next morning.

18. At approximately 6:30 a.m., on April 12, 2004, Ms. Jenuleson reported the incident to the Head of Security of the Kripalu Center. Ms. Jenuleson stated that she wanted to report the incident to the local police.

19.  Approximately 30 minutes later, the Director of Operations for the Kripalu Center sought to discuss the incident with Ms. Jenuleson, who reiterated her desire to report the incident to the police.

20.  The police arrived at the Kripalu Center and took statements from Ms. Jenuleson and from Mr. Levy.

21.  Within days of the incident, the Kripalu Center terminated Mr. Levy's employment.

22.  In or about December 2003, while defendants' employee, Mr. Levy had engaged in similar, inappropriate draping of a female massage client at the Kripalu Center. Defendants' management was aware of that incident in December 2003 as of April 11, 2004.

23.  Upon information and belief, the Kripalu Center and the Kripalu Defendants were aware, prior to April 11, 2004, of other incidents involving improper and/or inappropriate conduct committed by Mr. Levy within the scope of his employment as a licensed massage therapist.

24.  It was foreseeable to the defendants that Mr. Levy would commit additional improper acts on massage clients of the Kripalu Center.

25.  Mr. Levy's conduct toward Ms. Jenuleson was offensive, grossly contrary to the purposes of her visit, and anathema to the principles of Kripalu massage therapy - holistic healing and the "sacredness of the body" - espoused and advertised by the Kripalu Center.

### Count I

**Negligent Retention and Supervision**
**(Tina Jenuleson v. Kripalu Defendants)**

26.  The Plaintiff restates and incorporates by reference the allegations contained in Paragraphs 1 through 25 of her complaint the same as if set forth herein.

27. As the owners and operators of the Kripalu Center, the Kripalu Defendants owed Ms. Jenuleson, who was their guest and client, a duty to exercise reasonable care in hiring, training, supervising and retaining their employees, including Mr. Levy, in performing the duties of their employment at the Kripalu Center.

28. The Kripalu Defendants breached their duty of care to Ms. Jenuleson by failing to take appropriate corrective or disciplinary action with respect to Mr. Levy, including action related to the client complaint(s) lodged against him prior to April 11, 2004.

29. As a direct and proximate result of the Kripalu Defendants' negligent hiring, training, supervision and retention of Mr. Levy, Ms. Jenuleson has suffered and will continue to suffer emotional and physical injuries.

Wherefore, the Plaintiff demands judgment against the Kripalu Defendants in an amount adequate to compensate her, to be determined at trial, plus interest, attorneys' fees and costs.

### Count II
### Negligence and Respondeat Superior
### (Ms. Jenuleson v. Seth Levy and Kripalu Defendants)

30. Plaintiff restates and incorporates by reference the allegations contained in Paragraphs 1 through 29 of her complaint the same as if set forth herein.

31. As a licensed message therapist, Mr. Levy owed Ms. Jenuleson a duty to exercise reasonable care in conducting her massage session.

32. Mr. Levy breached his duty of care to Ms. Jenuleson by sexualizing her massage session. He violated the accepted standards of massage therapy through improper draping procedure, inappropriate comments, sexualized touching, and continuation of the massage of Ms. Jenuleson beyond the time parameters established by the Kripalu Center.

33. At all times relevant, Mr. Levy was an employee of the Kripalu Center and was acting within the scope of his employment as a massage therapist at the Kripalu Center. Mr. Levy's actions as alleged herein are attributable to the Kripalu Center.

34. As a direct and proximate result of Mr. Levy's negligence, Ms. Jenuleson has suffered and will continue to suffer emotional and physical injuries.

Wherefore, the Plaintiff demands judgment against Seth Levy and against the Kripalu Defendants in an amount adequate to compensate her, to be determined at trial, plus interest, attorneys' fees and costs.

## Count III

### Negligent Infliction of Emotional Distress
### (Ms. Jenuleson v. Seth Levy and Kripalu Defendants)

35. The Plaintiff restates and incorporates by reference the allegations contained in Paragraphs 1 through 34 the same as if set forth herein.

36. Mr. Levy's conduct during the course of Ms. Jenuleson's massage session was extreme and outrageous so as to be deemed offensive by a reasonable person.

37. At all times relevant, Mr. Levy was an employee of the Kripalu Center and was acting within the scope of his employment as a massage therapist at the Kripalu Center.

38. Given their knowledge of prior incidents or complaints involving Mr. Levy's massage practices, it was foreseeable to the Kripalu Defendants that his continued employment and assignment to perform massages would result in improper activity and emotional distress to patrons such as Ms. Jenuleson.

39. Mr. Levy's actions as alleged herein are attributable to the Kripalu Center.

40. As a direct and proximate result of Mr. Levy's extreme and outrageous conduct during her massage session, Ms. Jenuleson has suffered, and continues to suffer, severe emotional distress which has been manifested by various physical symptoms.

Wherefore, the Plaintiff demands judgment against Seth Levy and against the Kripalu Defendants in an amount adequate to compensate her, to be determined at trial, plus interest, attorneys' fees and costs.

### Count IV

**Assault**
**(Ms. Jenuleson v. Seth Levy)**

41. The Plaintiff restates and incorporates by reference the allegations contained in Paragraphs 1 through 40 of her complaint the same as if set forth herein.

42. Mr. Levy intended to cause a harmful and offensive contact with Ms. Jenuleson during the course of her massage session.

43. Mr. Levy's intent and actions placed Ms. Jenuleson in apprehension of such harmful and offensive contact during her massage session.

44. As a direct and proximate result of Mr. Levy's conduct, Ms. Jenuleson has suffered and will continue to suffer emotional and physical injuries.

Wherefore, the Plaintiff demands judgment against Seth Levy in an amount adequate to compensate her, to be determined at trial, plus interest, attorneys' fees and costs.

### Count V

**Battery**
**(Ms. Jenuleson v. Seth Levy)**

45. The Plaintiff restates and incorporates by reference the allegations contained in Paragraphs 1 through 44 of her complaint the same as if set forth herein.

46. Mr. Levy conducted the massage of Ms. Levy with the intent of inflicting upon her harmful and offensive contact.

47. Mr. Levy committed such harmful and offensive conduct upon the person of Ms. Jenuleson by the manner in which he conducted the massage session.

48. Ms. Jenulson did not consent to be touched, exposed or otherwise treated in the manner of Mr. Levy's conduct

49. As a direct and proximate result of Mr. Levy's conduct, Ms. Jenuleson has suffered and will continue to suffer emotional and physical injuries.

Wherefore, the Plaintiff demands judgment against the Seth Levy in an amount adequate to compensate her, to be determined at trial, plus interest, attorneys' fees and costs.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, the Plaintiff hereby requests a trial by jury of all issues so triable.

TINA JENULESON
By her attorneys,

_____
Steven J. Brooks, BBO# 059140
Daniel R. Deutsch, BBO# 551744
DEUTSCH WILLIAMS BROOKS
  DERENSIS & HOLLAND, P.C.
99 Summer Street
Boston, MA 02110-1213
(617) 951-2300
ddeutsch@dwboston.com

Date: January 26, 2005

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TINA JENULESON

**DEFENDANTS**
KRIPALU HOLDING CORPORATION d/b/a KRIPALU CENTER FOR YOGA & HEALTH, et al.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 617-951-2300
Daniel R. Deutsch, Deutsch Williams
99 Summer Street, Boston, MA 02110

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

**TORTS - PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Plaintiff seeks damages against the operator of a spiritual and hollistic spa for its negligent retention and supervision of its masseur, and against that masseur, who subjected the plaintiff resort guest to indecent contact and behavior during a therapeutic massage

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
None
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 1/26/05
SIGNATURE OF ATTORNEY OF RECORD
Daniel R. Deutsch, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

305

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Tina Jenuleson v. Kripalu Holding Corporation d/b/a Kripalu Center for Yoga and Health, et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]    NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]    NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [X]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Daniel R. Deutsch, Esq.__
ADDRESS __Deutsch Williams, 99 Summer Street, Boston, MA 02110__
TELEPHONE NO. __617-951-2300__

(Coversheetlocal.wpd - 10/17/02)